Benjamin BAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00843–CR.

Court of Appeals of Texas,
San Antonio.

April 22, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Martin Underwood, Comstock, John D. Herrick, St. Mary's Criminal Justice Clinic, Student Atty., San Antonio, for Appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, Benjamin Baker ("Baker"), appeals his conviction for failing to stop and render aid. In one point of error, Baker challenges the constitutionality of section 550.021 of the Texas Transportation Code, contending the statute violates due process because it does not require that a driver have knowledge that an accident has occurred before imposing a duty to stop and render aid.

In *Goss v. State,* the Texas Court of Criminal Appeals held that section 6.02 of the Texas Penal Code applied to sections 38 and 40 of article 6701d, and the culpable mental state required for the offense of failing to stop and render aid is that the accused have knowledge that an accident had occurred. 582 S.W.2d 782, 785 (Tex.Crim.App.1979). In codifying sections 38 and 40 of article 6701d as sections 550.021 and 550.023 of the Texas Transportation Code, the legislature expressly stated that no substantive change in the law was intended. Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871. Therefore, the requirement that the accused have knowledge that an accident had occurred is an element of the offense of failing to stop and render aid under section 550.021. Baker's point of

error is overruled, and the judgment of the trial court is affirmed.