MCCOWN V. STATE

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-418-CR

                                                  2-04-440-CR

DAVID MICHAEL MCCOWN A/K/A APPELLANT

DAVID M. MCCOWN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I. Introduction

A jury convicted Appellant David Michael McCown of failing to stop and render aid and driving while intoxicated (DWI).  The trial court sentenced McCown to ten years’ confinement and a $1,000 fine.  The trial court probated the confinement portion of McCown's sentence but not the fine.  In three issues, McCown argues that the evidence is legally and factually insufficient to prove that he failed to stop and render aid and that the evidence is factually insufficient to prove that he was driving while intoxicated. 

II. Background Facts

On August 18, 2002, McCown was involved in a car accident with Javier Bueno–Perez.  The accident occurred when McCown took an unprotected left turn at an intersection and crashed head-on into Perez’s vehicle. 

Susan Phillips and her husband witnessed the accident and stopped to see if McCown and Perez were injured.  Phillips, a nurse, immediately went to McCown’s truck.  Phillips testified that she told McCown to stay still, but he refused and crawled out of his vehicle through the window.  McCown then staggered across the street without inquiring into Perez’s condition.  Phillips also checked on Perez.  Phillips testified that Perez was in pain because he sustained some kind of impact to his chest.  An ambulance later came and took Perez to the hospital. 

McCown apparently made his way to a restaurant about a quarter of a mile away from the scene of the accident.  He was later arrested at the restaurant and charged with DWI and failure to stop and render aid. 

III. Legal and Factual Insufficiency 

In his first issue, McCown argues that the trial court improperly denied his request for instructed verdict because the evidence is legally insufficient to support his conviction for failure to stop and render aid.  In his second and third issues, McCown argues that the evidence is factually insufficient to support the failure to stop and render aid and the DWI convictions. 

A.
 Standard of Review

A challenge to the denial of a motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence.  
McDuff
 v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); 
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).
  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.
  The trier of fact is
 the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).
  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).
  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.
  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. 
Legally and Factually Sufficient Evidence of Failure to Stop and Render Aid 

McCown contends that the evidence is legally and factually insufficient to support his conviction for failure to stop and render aid because the State failed to prove beyond a reasonable doubt that it was “reasonably apparent” to him that Perez needed treatment. 

Section 550.021(c) of the Texas Transportation Code defines the offense of failure to stop and render aid. 
See
 
Tex. Transp. Code Ann
. § 550.021(c) (Vernon 1999); 
see also Steen v. State
, 640 S.W.2d 912, 915 (Tex. Crim. App. 1982); 
Elias
 
v. State
, 693 S.W.2d 584, 587 (Tex. App.—San Antonio 1985, no pet.).  Under this provision, an operator of a vehicle involved in an accident resulting in personal injury or death commits an offense if he “does not stop or does not comply with the requirements of this section.”  
Tex. Transp. Code Ann
. § 550.021(c). 

The requirements of section 550.021 are found in subsection (a) of the statute, which provides: 

(a) The operator of a vehicle involved in an accident resulting in injury to or death of a person shall: 

(1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible; 

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and 

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023. 

I
d
. 
§ 550.021(a).

To comply with section 550.023, the operator of a vehicle involved in an accident which results in personal injury or death or damage to a vehicle must 

provide any person injured in the accident reasonable assistance if it is apparent that treatment is necessary.  
Id
.
 § 550.023.

Because section 550.021 does not prescribe a culpable mental state for commission of the offense or plainly dispense with the need to prove culpability, the State must prove that McCown acted with one of the culpable mental states found in section 6.02 of the Penal Code.  
See
 Tex. Penal Code Ann
. § 6.02(b) (Vernon Supp. 2005).  The Court of Criminal Appeals has determined that the State satisfies this burden by showing that “the accused had knowledge of the circumstances surrounding his conduct . . . , i.e., had knowledge that an accident had occurred.”  
Goss v. State
, 582 S.W.2d 782, 785 (Tex. Crim. App. 1979) (citing 
Tex. Penal Code Ann
. § 6.03(b) (Vernon 2003)); 
accord
 
Jaynes v. State
, 673 S.W.2d 198, 201 (Tex. Crim. App. 1984); 
Baker v. State
, 974 S.W.2d 750, 750 (Tex. App.—San Antonio 1998, pet. ref'd). 

Thus, Texas courts have listed the elements of the offense of failure to stop and render aid as follows:  (1) an operator of a vehicle; (2) intentionally or knowingly; (3) involved in an accident; (4) resulting in personal injury or death; (5) fails to stop and render reasonable assistance.  
Steen
, 640 S.W.2d at 915; 
Allen v. State
, 971 S.W.2d 715, 717 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  The fifth element can be satisfied by proof that an operator of a vehicle knowingly involved in an accident involving injury or death failed to provide any person injured in the accident reasonable assistance if it was apparent that treatment was necessary.  
See
 
Tex. Transp. Code Ann
. §§ 550.021(a), (c), 550.023; 
see also Elias
, 693 S.W.2d at 587.

McCown does not dispute the fact that he had knowledge of the impact, that his car did in fact hit Perez’s, or that he did not render aid to Perez.  He does dispute, however, whether the State sufficiently met its burden of proving  his knowledge of Perez’s injury.  He argues that the State failed to prove beyond a reasonable doubt that it was “reasonably apparent” to him that Perez needed treatment because there is no evidence that he saw Perez after the accident or that he ever looked in the direction of Perez’s truck following his exit from the window of his own vehicle.  

There is no requirement that an accused must have positive, subjective knowledge of the nature or extent of injury resulting from the collision.
  
Such a prerequisite would defeat the public interest, which is served by requiring drivers involved in collisions to stop, provide specified information, and render assistance if necessary.  Instead, constructive knowledge of the resulting injury is sufficient.  In
 
other words, the knowledge requirement of section 550.023 is satisfied if an objective examination of the facts shows that it would be apparent to a reasonable person that someone has been injured in an accident and is in need of reasonable assistance.  Like many other jurisdictions, Texas has tacitly applied this objective standard of reasonableness regarding a driver’s knowledge of injury to another person.
(footnote: 1)  
See Scott v. State
, 90 Tex. Crim. 100, 233 S.W. 1097, 1100 (1921) (holding fair and reasonable construction of the statute in question required driver to render all aid that would reasonably appear to him as ordinary person to be necessary); 
see also Williams v. State, 
132 Tex. Crim. 33, 102 S.W.2d 212, 213 (1937) (holding that in automobile collision cases, parties must stop and render aid to person struck, offering all such help and assistance as facts and circumstances would dictate to person of ordinary temper, disposition, and feeling under like circumstances).
  
Thus, if a collision occurs under circumstances that a reasonable person would or should have anticipated would result in injury to another person, knowledge of that fact is imputed to the driver.  
See Goar v. State
, 68 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (holding that rational jury could determine that appellant knew of apparent injury to cyclist when a witness who had no knowledge that accident occurred testified that he discovered body in a ditch after he observed glimmer of damaged bicycle as he drove along same portion of the road where earlier accident occurred);
 
Allen
, 871 S.W.2d at 718-19 (holding that rational jury could determine appellant “knew of the 'apparent' injury to a cyclist” based on testimony that appellant and others heard the collision and cyclist was visibly injured thereafter).  Absent this objective reasonable person requirement, a callous person might nullify the humanitarian purpose of the statute by the simple act of immediate flight from an accident scene without ascertaining exactly what occurred.  We do not believe that the legislature intended such a result.  Consequently, to establish McCown’s knowledge that it was apparent that treatment was necessary, the State had to show that a reasonable person in McCown’s position would or should have anticipated an injury as a result of the collision.
(footnote: 2)
 Here, the State introduced the following evidence showing knowledge that he knew or should have known that the impact caused injury to a person:  Perez testified that McCown ran head-on into his truck with sufficient force to cause the vehicles to bounce off of one another and separate.  Perez also stated that he passed out immediately as a result of the impact and that he coughed up blood for fifteen days following the accident. 

Additionally, Phillips, a witness who heard and saw the result of the accident, testified that the collision caused a loud crash that sounded like metal crashing together.  She also testified that she could easily observe that Perez was injured and that this was a “big” accident. 

The testimony of Perez and Phillips is sufficient to establish that appellant knew or should have known of the injury to Perez. 
 See Allen
, 971 S.W.2d at 718.
  It is difficult to imagine any accident involving contact of this force between two automobiles in which a reasonable driver would not know that an injury was possible.  

Therefore, after viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that McCown knew or should have had knowledge that Perez was injured and apparently needed treatment.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  
Furthermore, viewing all of the evidence in a neutral light, favoring neither party, we also conclude that the evidence taken alone, is not too weak to support the finding of guilt beyond a reasonable doubt and that the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 481.  Therefore, we conclude that the evidence is legally and factually sufficient to establish that McCown knew or should have known that he had been involved in an automobile accident sufficient to cause injury to the other driver, Perez.  We overrule McCown’s first two issues.

C. 
Factually Sufficient Evidence of Driving while Intoxicated 

In his third issue, McCown contends that the evidence supporting his DWI conviction was factually insufficient.  He argues that besides the odor of alcohol on his breath and the fact that he left the scene of the accident with a staggering gate, there is very little evidence that he was intoxicated.  He argues further that his “staggering gate” could have actually been the result of the car accident and not the result of intoxication.  The State responds that McCown’s conviction is supported by factually sufficient evidence. 

A person commits the offense of driving while intoxicated if he operates a vehicle in a public place while intoxicated.  
Tex. Penal Code Ann
. § 49.04(a) (Vernon 2003).  “Intoxicated” is defined as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or 

(B) having an alcohol concentration of 0.08 or more. 

Id
. § 49.01(2)(A)-(B).  A witness does not have to be an expert to testify that a person he observes is intoxicated by alcohol; therefore, lay opinion testimony by a police officer that a person is intoxicated is probative evidence that a person was “drunk.”  
Henderson v. State
, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).  

The following evidence was presented at trial.  Phillips testified that McCown smelled of alcohol.  Robert Kowalski, the manager of the restaurant where McCown was arrested, testified that McCown’s walk was uncoordinated and that he did not appear to have the normal use of his physical and mental faculties.  However, Kowalski also stated that he did not recall smelling alcohol on McCown.  Officer Darren Vercruysse, the arresting officer, testified that McCown had a difficult time maintaining his balance.  He also observed that McCown’s eyes were watery and bloodshot, his speech was slurred and delayed, and he smelled of alcohol.  Additionally, Vercruysse stated that McCown refused to perform a field sobriety test or to provide a breath specimen for testing. 

Viewing the foregoing evidence in a neutral light, favoring neither party and giving due deference to the fact finder’s determinations, we hold that the evidence is factually sufficient to support McCown’s conviction for driving while intoxicated.  
See
 
Tex. Penal Code Ann. 
§ 49.01(2)(A); 
see also
 
Fogle v. State
, 988 S.W.2d 891, 894 (Tex. App.—Fort Worth 1999, pet. ref’d) (holding intoxication evidence factually sufficient). 
 Accordingly, we overrule McCown’s third issue.  

IV. Conclusion

Having overruled all three of McCown’s issues, we affirm the trial court’s 

judgments
. 

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ
.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED:
 March 2, 2006

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-418-CR

2-04-440-CR

DAVID MICHAEL MCCOWN A/K/A APPELLANT

DAVID M. MCCOWN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

I must dissent from the opinion and judgment affirming Appellant’s conviction for the offense of failure to stop and render aid.  Although I believe that the majority opinion correctly tracks the applicable statutes, it nevertheless conflicts with the holding of the Texas Court of Criminal Appeals in 
State
 v. Stevenson
.
(footnote: 3) 

The offense of failure to stop and render aid at issue in 
Stevenson
 occurred under former article 6701d.
(footnote: 4)  That article was subsequently repealed and codified in chapter 550 of the Texas Transportation Code, but without substantive changes to the law.
(footnote: 5)  Former section 38(a) provided,

The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40.  Every such stop shall be made without obstructing traffic more than is necessary.
(footnote: 6)
 Former section 38(b) provided penalties for failing to fulfill these requirements.
(footnote: 7)  Former section 40 provided,

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator’s, commercial operator’s, or chauffeur’s license to the person struck or the driver or occupant of or person attending any vehicle colliding with and 
shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.
(footnote: 8)

In 
Stevenson
, in which a husband was the driver and his wife was the injured person, the driver remained at the scene as he believed the law required.  But the 
Stevenson 
court held,

In the present case, the only persons involved in the accident were appellee and his wife.  Presumably, appellee and his wife already have the information required by § 40. 
 
Because § 38 merely requires a driver to remain at the scene long enough to impart the information required by § 40, those statutes did not require appellee to remain at the scene at all since all the injured parties already possessed the requisite information.
(footnote: 9) 

In a footnote, the 
Stevenson
 court pointed out that “[e]ven if his wife did not possess some of the information, because she occupied the same vehicle as appellee, the required information could have been conveyed without stopping the vehicle.”
(footnote: 10)
 Clearly, then, the 
Stevenson
 court held that a person involved in an accident resulting in personal injury need not remain at the scene after he had provided 
his name, address, and the registration number of the vehicle he was driving and the name of his motor vehicle liability insurer
.
(footnote: 11)  If the driver could provide that information without stopping at the scene of the accident, he could lawfully leave the scene of the accident and provide the required information in another manner.
(footnote: 12)  

Despite the fact that the wife was injured, the 
Stevenson
 court did not hold that the driver need remain at the scene to secure medical treatment.
(footnote: 13)  The 
Stevenson
 court treated that element of former section 40 as mere surplusage.
(footnote: 14)
 In the case now before this court, Appellant left his automobile at the scene of the accident.  He therefore provided a motor vehicle registration number and, even if his name, address, and insurance information were not somewhere within the car, the means of learning his name, address, and insurance information, thus satisfying the statutory requirements pursuant to 
Stevenson
.
(footnote: 15)  

Appellant did not remain at the scene to secure medical treatment.  B
ut as the majority notes, a nurse was on the scene, and she provided such aid as she could.  Additionally, someone had called an ambulance.  Certainly, more assistance was provided in the case before this court than in 
Stevenson.
  Yet, the 
Stevenson
 court held that Stevenson had done all that was required of him by providing his name, address, and motor registration number, which he lawfully could have done as he fled the scene, and by presumably coming up with a way to provide insurance information later.
(footnote: 16)
 

By affirming Appellant’s conviction because he did not remain at the scene to provide the injured person reasonable assistance in seeking medical treatment, the majority seems to track the applicable statutes exactly.
(footnote: 17)  But because the holding of the majority conflicts with the clear mandate in 
Stevenson, 
I must respectfully dissent.

LEE ANN DAUPHINOT

JUSTICE

PUBLISH 

DELIVERED: March 2, 2006

FOOTNOTES
1:
This approach, which holds the driver to a reasonable person standard as to the fact or extent of an injury, has been adopted by a number of other jurisdictions.  
See, e.g., Touchstone v. State
, 155 So.2d 349, 351 (Ala. Ct. App. 1963); 
Blevins v. State
, 623 P.2d 853, 857 (Ariz. Ct. App. 1981);
 
People v. Holford, 
403 P.2d 423, 427 (Cal. 1965);
 Carpenter v. State
, 334 N.W.2d 137, 139 (Iowa 1983); 
Fearing v. State, 
284 S.E.2d 487, 491 (N.C. 1981); 
Kauffman v. Com., 
470 A.2d 634, 640 (Pa. Super. Ct. 1983); 
Baker v. State, 
627 A.2d 835, 840 (R.I. 1993);
 Sidway v. State
, 431 A.2d 1237, 1240 (Vt. 1981);
 
Kil v. Com
., 407 S.E.2d 674, 679 (Va. Ct. App. 1991)
; Tennant v. State
, 319 S.E.2d 395, 401 (W. Va. 1984).

2:
Additionally, a driver’s lack of knowledge due to his voluntary intoxication is no defense to a violation.  
See Salter v. State, 
159 Tex. Crim. 482, 264 S.W.2d 719, 721 (1954) (holding that testimony that appellant was drinking at time of collision and was suffering from delirium did not require court to charge jury to acquit defendant if defendant was incapable of distinguishing between right and wrong).

3:
958 S.W.2d 824 (Tex. Crim. App. 1997).

4:
See
 Act of June 18, 1947, 50th Leg., R.S., ch. 421, §§ 38, 40, 1947 Tex. Gen. Laws 967, 974 (current version at 
Tex. Transp. Code Ann. 
§§  550.021, .023 (Vernon 1999)).

5:
See
 Act of May 23, 1995, 74th Leg., R.S., ch. 165, §§ 24(a), 25, 27, 1995 Tex. Gen. Laws 1025, 1870-71.

6:
See
 Act of June 18, 1947, 50th Leg., R.S., ch. 421, § 38(a), 1947 Tex. Gen. Laws at 974.

7:
See id.
 § 38(b), 1947 Tex. Gen. Laws at 974.

8:
Act of May 27, 1977, 65
th
 Leg., R.S., ch. 810, § 4, 1977 Tex. Gen. Laws 2029, 2029 (emphasis added) (current version at 
Tex. Transp. Code Ann. 
§ 550.023).

9:
Stevenson
, 958 S.W.2d at 827 (emphasis added; footnote omitted).

10:
Id. 
at 827 n.4.

11:
Id.
 at 827.

12:
Id. 
at 827 & n.4.

13:
Id.
 at 827-28.

14:
Id.

15:
Id.
 at 827 & n.4; 
see also 
Tex. Transp. Code Ann.
 §§ 550.021, .023.

16:
Stevenson
, 958 S.W.2d at 827 & n.4.

17:
See
 
Tex. Transp. Code Ann.
 §§ 550.021, .023.

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice McCoy

Dissent by Justice Dauphinot