SCOTT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-139-CR

JERMAL R. SCOTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON REMAND

------------

I. Introduction

This case is before us on remand from the court of criminal appeals to reconsider our holding on the sufficiency of the evidence.
(footnote: 2)  Appellant Jermal R. Scott appeals from his conviction by a jury for the offense of recklessly causing serious bodily injury to a child.  
See 
Tex. Penal Code Ann.
 § 22.04(a)(1) (Vernon 2003).  In three issues, appellant argues that (1) the trial court erred by failing to direct a verdict because there is no evidence of the manner in which the child was injured, thus, no evidence of appellant’s culpable mental state, (2) the evidence of appellant’s culpable mental state is factually insufficient, and (3) the trial court erred by overruling appellant’s objection to the prosecutor’s improper argument suggesting that his interest in the case was the public’s interest and thus superior to defense counsel’s interest.  We affirm.

II. Background Facts

On December 17, 2001, Fort Worth Police Officer L.N. Carrell responded to a 911 call from 5316 Libbey in Fort Worth.  Upon arriving, Officer Carrell met appellant, Jermal R. Scott, who had made the 911 call.  Appellant told Officer Carrell that his seven-month-old daughter K.S. was having a seizure. Appellant was the only person in the house at the time of this incident.  K.S. was taken to Cook Children’s Hospital.  Derek Randle, appellant’s neighbor, drove appellant to the hospital.  Appellant told Derek that he went out to feed the dogs and then came back in and saw the baby seizing.  Derek also remembers appellant’s mentioning something about getting a bottle for the baby.  Another neighbor, Richard Moore, who was on his porch the day of this incident, testified that appellant told him that he had been asleep, but when he woke up, the baby was not breathing and was having a seizure.

After physicians examined K.S. at the hospital and told Officer Carrell that her injuries were severe, Officer Carrell called Crimes Against Children.  Crimes Against Children brought with them Detective Zomper and a Child Protective Services worker, Lindsey Dula.  Ms. Dula testified that when she first saw K.S. in the emergency room, she appeared to be having a seizure.  She also testified that K.S. had a bruised and swollen right eye with a scratch underneath and bruising on her upper right shoulder that appeared to be a “grab mark.”  Ms. Dula interviewed both the mother and appellant at the hospital.  During the interview, appellant explained that while he attempted to feed the baby her bottle, she started seizing.

K.S. was pronounced dead on December 19, 2001, but was kept on life support in order to keep her organs alive.  During an autopsy, the medical examiner discovered retinal hemorrhages in both of K.S.’s eyes; he testified that such injuries usually occur in children of K.S.’s age because of abusive head injuries.  He also looked inside K.S.’s head and discovered “tremendous” amounts of bleeding under her scalp.

The medical examiner ruled that the cause of death was a closed head injury due to blunt force trauma and that the manner of death was homicide.  Additionally, he stated that after receiving this trauma to the head, K.S. might have had symptoms including loss of consciousness, seizures, respiratory changes, and coma.  These symptoms would happen within a matter of “short minutes,” which the medical examiner estimated as maybe five to ten minutes.  The medical examiner also testified that this is not a typical injury that would happen if a child fell or was dropped.  To produce this kind of trauma, the energy would have to be created by a fall greater than ten feet or in a medium to lower velocity car crash. 

The State charged appellant with knowingly causing serious bodily injury to a child. 
  Appellant requested a jury charge on the lesser included offenses of recklessly causing injury to a child or negligently causing injury to a child.  
The trial court granted appellant’s request.  A jury found appellant guilty of the lesser included offense of recklessly causing serious bodily injury to a child and assessed his punishment at eleven years’ confinement.

III. Sufficiency of the Evidence

In his first and second issues, appellant challenges the legal and factual sufficiency of the evidence to support the jury’s finding that he acted recklessly.
(footnote: 3)
Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a sufficiency review, the jury’s inference of intent is afforded more deference than the evidence supporting proof of conduct.  
Margraves
, 34 S.W.3d at 919.  Circumstantial evidence of a defendant’s guilty knowledge is not “required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements.”  
Id
. (quoting 
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal sufficiency of the evidence to show an appellant’s intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

Applicable Law

Injury to a child is a result-oriented offense; thus, it is not enough for the State to prove that the defendant engaged in the conduct with the requisite criminal intent.  
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d); 
Lee v. State
, 21 S.W.3d 532, 540 (Tex. App.—Tyler 2000, pet. ref’d).  Instead, the State must also prove that the defendant caused the result with the requisite criminal intent.  
Bowden
, 166 S.W.3d at 470; 
Lee
, 21 S.W.3d at 540.

A person acts recklessly when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the result will occur.  
Tex. Penal Code Ann
. § 6.03(c) (Vernon 2003); 
Montgomery v. State
, 198 S.W.3d 67, 88 (Tex. App.—Fort Worth 2006, pet. ref’d).  The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.  
Tex. Penal Code Ann
. § 6.03(c); 
Montgomery
, 198 S.W.3d at 88.  Reckless conduct involves conscious risk creation; that is, the actor was aware of the risk surrounding his conduct or the result of his conduct, but consciously disregarded that risk.  
Bowden
, 166 S.W.3d at 470; 
see Lewis v. State
, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975).

The culpable mental state is generally proven through circumstantial evidence.  
Bowden
, 166 S.W.3d at 470; 
Morales v. State
, 828 S.W.2d 261, 263 (Tex. App.—Amarillo 1992), 
aff’d
, 853 S.W.2d 583 (Tex. Crim. App. 1993); 
see Dillon v. State
, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978).  Ordinarily, the culpable mental state must be inferred from the acts of the accused or the surrounding circumstances, which includes not only acts but also words and conduct.  
Ledesma v. State
, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); 
Morales
, 828 S.W.2d at 263.  It may also be inferred from the extent of injury and the relative size and strength of the parties.  
Patrick v. State
, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996); 
Kelley v. State
, 187 S.W.3d 761, 763 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  The extent of a victim’s injuries is a reflection of the strength of a defendant’s attack, and therefore, involves the defendant’s conduct.  
Kelley
, 187 S.W.3d at 763.

Analysis

Appellant contends that because there is no evidence showing exactly how K.S.’s fatal head injury was inflicted, there is insufficient evidence to prove his culpable mental state.  But in these types of injury to a child cases, there is rarely direct evidence of exactly how the child’s injuries occurred, which is why the culpable mental state may be inferred from circumstantial evidence.  
See
 
Ledesma
, 677 S.W.2d at 531; 
Kelley
, 187 S.W.3d at 763; 
Morales
, 828 S.W.2d at 263.  Here, there is evidence in addition to the nature of K.S.’s injuries from which the jury could have inferred a reckless mental state.  For instance, there was evidence that appellant had handled K.S. roughly the day she received the head injury—i.e., her swollen eye and the bruises and marks on her body—as well as evidence that K.S.’s mother and others had had to “get on” appellant in the past about his rough handling of K.S.  Specifically, K.S.’s mother testified that appellant would put K.S. up against the wall “too forcefully” to try to get her to sit up.  She also told the CPS investigator that if appellant had hurt K.S., it was because he had played “too rough” with her.  
See Bowden
, 166 S.W.3d at 476-77; 
see also Carlson v. State
, No. 01-04-00880-CR, 2005 WL 3315252, at *5 (Tex. App.—Houston [1st Dist.] Dec. 8, 2005, pet. ref’d) (mem. op.) (not designated for publication).  Additionally, appellant told people conflicting stories about the afternoon K.S. was injured.  
See Bowden
, 166 S.W.3d at 476 (holding that jury was entitled to consider inconsistent statements as proof of guilt in prosecution for reckless injury to a child); 
Prieto v. State
, 879 S.W.2d 295, 300 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).

After reviewing the record and applying the appropriate standards of review, we conclude that the evidence is legally and factually sufficient to support the jury’s finding that appellant recklessly caused serious bodily injury to a child.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693
;
 
Watson
, 204 S.W.3d at 414-15, 417
.  We overrule appellant’s first and second issues.

IV. Jury Argument

In his third issue, appellant contends that the trial court erred by overruling his objection to the prosecutor’s argument suggesting that his interest in the case was the public’s interest and thus superior to defense counsel’s interest.  During the punishment stage of the trial, the prosecutor made the following argument:

[STATE]:  May it please the Court, Counsel, members of the jury.  Listen to [Defense Counsel’s] argument.  He is always very good.  He is an eloquent speaker.  I’m not such the eloquent speaker but I have passion and truth and righteousness on my side.  

He said that I’m going to get up here and yell and be angry and so forth, and yeah, I am angry about this, but I’m not going to yell very much.  But my job -- I am hired to be a public servant to represent the public’s interest.  [Defense Counsel is] hired to represent his interests.  I don’t actually represent [K.S.] --

[DEFENSE COUNSEL]:  Your Honor, I am also an officer of the court.  I think he is trying to make a distinction that I’m not, and by ethical rules of the Court and the Bar, we object to that.

  

THE COURT:  Overruled.  

Improper Jury Argument 

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

In the present case, the prosecutor argued to the jury that he and defense counsel were hired to represent different interests.  This argument does not fall within any of the four categories of permissible prosecutorial jury argument.  Nevertheless, the State contends that the prosecutor’s argument was proper because it is common knowledge that the prosecutor represents society.  We disagree.  

The prosecutor did not merely inform the jury that he represents society.  Rather, he drew a distinction between the interests that the two attorneys were hired to represent.  Drawing this distinction could serve no purpose other than to imply that the prosecutor is more credible than defense counsel or that his cause is more worthy.  
See Lewis v. State
, 529 S.W.2d 533, 534 (Tex. Crim. App. 1975).  In 
Lewis
, the prosecutor argued that he had taken an oath to seek justice while defense counsel had not.  
Id
.  The court held that “the effect of this argument was to instruct the jury that only the prosecutors seek to uphold truth and justice, whereas defense counsel have a license to use any means at their command to mislead the jury.”
(footnote: 4)  
Id
;
 see Wilson v. State
, 938 S.W.2d 57, 58-59 (Tex. Crim. App. 1996), 
abrogated on other grounds
, 
Motilla v. State
, 78 S.W.3d 352, 356-57 (Tex. Crim. App. 2002); 
see also
 
Bell v. State
, 614 S.W.2d 122, 123 (Tex. Crim. App. [Panel Op.] 1981) (holding that the prosecutor’s argument, which contrasted the ethical obligations of the two attorneys, was improper).

Moreover, the court of criminal appeals has recognized that, generally, the public does not understand the code of ethics by which attorneys are bound.  
See Bray v. State
, 478 S.W.2d 89, 90 (Tex. Crim. App. 1972).  In 
Bray
, the prosecutor argued that he represented the public and that he was glad he did not have to represent someone like the defendant.  
Id
.  The court held that the argument was improper, noting that many in the public believe an attorney should not represent a person charged with a crime, particularly if there is some indication that the person is guilty.  
Id
.  The prosecutor’s argument in the present case is similar to the arguments in 
Lewis
 and 
Bray 
in that the prosecutor was attempting to distinguish himself from the defense attorney.  Further, because no evidence was presented to show the interests that each attorney was hired to represent, the argument injected new facts into the case.  
See
 
Wilson
, 938 S.W.2d at 60.  Thus, we hold that the prosecutor’s argument was improper. 

Harm 
 

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259. 

Having determined that the prosecutor’s argument was improper, we must determine whether it affected appellant’s substantial rights.  We conclude that the effect of the misconduct was relatively mild in the present case.  
See
 
Martinez
, 17 S.W.3d at 693.  The argument, while improper, was not as flagrant as the conduct in 
Lewis
 and 
Bray
.  The prosecutor did not tell the jury that he was glad he did not represent appellant, nor did he argue that he and defense counsel took different oaths.  Further, even though appellant’s objection was overruled, the prosecutor did not continue with the improper argument. 

Although the trial court overruled appellant’s objection and did not issue curative instructions to the jury, we cannot say that the prosecutor’s argument contributed to the severity of appellant’s sentence.  The jury convicted appellant of recklessly causing serious bodily injury to a child, a second-degree felony, which has a penalty range of two to twenty years’ confinement.  
See
 
Tex. Penal Code Ann.
 §ྷ 12.33, 22.04(e) (Vernon 2003).  The State asked the jury to assess punishment at twenty years’ confinement, the maximum punishment, but the jury assessed appellant’s punishment at eleven years’ confinement.  Given the mildness of the prosecutor’s comments and the seriousness of the offense for which appellant was convicted, we conclude that the prosecutor’s improper argument was harmless.  We overrule appellant’s third issue.  

V. Conclusion

Having overruled appellant’s three issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 31, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We originally held that the evidence in this case is legally and factually sufficient; however, we also additionally held, in reliance on 
State v. Lee
, 818 S.W.2d 778, 781 (Tex. Crim. App. 1991), that appellant was estopped from challenging the sufficiency of the evidence to support his conviction because he requested the instruction on reckless bodily injury to a child.  
Scott v. State
, No.  02-04-00139-CR, 2005 WL 914558, at *1-2 (Tex. App.—Fort Worth Apr.  21, 2005), 
rev’d
, No. PD-776-05, 2007 WL 1346380 (Tex. Crim. App. May 9, 2007).  The court of criminal appeals subsequently held in 
McKinney v. State
 that 
estoppel under 
Lee
 applies only in very narrow circumstances not applicable here.  207 S.W.3d 366, 374 (Tex. Crim. App. 2006).

3:
In his first issue, he contends that the trial court erred by failing to direct a verdict in his favor; this argument is a challenge to the legal sufficiency of the evidence.  
See Canales v. State
, 98 S.W.3d 690, 693 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1051 (2003); 
McCown v. State
, 192 S.W.3d 158, 160 (Tex. App.—Fort Worth 2006, pet. ref’d).

4:
According to rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct, a lawyer shall not knowingly “make a false statement of material fact or law to a tribunal.”  T
ex. Disciplinary R. Prof’l Conduct 
3.03(a)(1), reprinted in 
Tex. Gov’t Code Ann., 
tit. 2, subtit. G app. A (Vernon 2005) (
Tex. State Bar R. 
art. X, ྷ 9).