

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00010-CR

_____

JODY RAY HENRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th Judicial District Court
Houston County, Texas
Trial Court No. 10CR041

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Roshanda Wooten was driving southbound on Highway 287 in Houston County[1] when her car was violently struck from the rear by another vehicle, causing it to spin out of control into the median.[2] Jody Ray Henry, the driver of the vehicle that struck Wooten, continued driving southbound on Highway 287 without stopping.[3] Henry was arrested a short time later.[4]

A jury convicted Henry of accident involving personal injury[5] and sentenced him to five years' confinement. We affirm the judgment of the trial court because (1) the implied jury

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]When Wooten's vehicle came to rest, it was facing north.

[3]After the accident, Wooten experienced difficulty breathing and her chest was bruised. A passerby stopped to help Wooten, who was taken to the hospital by ambulance where she was treated and released. Wooten was given pain medication for her seat belt injuries, was placed in an arm sling for three days, and missed work for a week as a result of her injuries.

[4]When Officer Dewayne Newman of the Grapeland Police Department responded to the accident, he notified dispatch and all other officers that the offending vehicle fled the scene, was traveling south on Highway 287, and should have heavy front end damage. After hearing this dispatch report, Trooper Bob Reeves of the Texas Department of Public Safety was en route to the scene. As Reeves approached the intersection of County Road 1825 and Highway 287, he observed a black Ford Explorer (driven by Henry) with front end damage traveling south approximately six miles from the accident scene. Reeves stopped Henry, and after conducting field sobriety tests on him, transported Henry to the Houston County jail. At the time of the arrest, Reeves was unaware that Newman located the Explorer's front license plate at the accident scene. It was apparent to Reeves when he stopped Henry that the Explorer had been damaged in an accident, but he did not know when that damage occurred. Wooten was arrested for driving while intoxicated. That charge and its subsequent disposition are not issues in this appeal.

[5]The title of Section 550.021 of the Texas Transportation Code, setting forth the offense, is "Accident Involving Personal Injury or Death," but this offense is commonly referred to as failure to stop and render aid. *See* TEX. TRANSP. CODE ANN. § 550.021 (West 2011).

2

finding that Henry was lawfully detained is not subject to a sufficiency review, and (2) the evidence is legally sufficient to sustain Henry's conviction.

*(1)   The Implied Jury Finding that Henry Was Lawfully Detained Is Not Subject to a Sufficiency Review*

Henry argues that the evidence is legally insufficient to support the implied jury finding that his detention was lawful.[6]  Henry did not file a motion to suppress evidence obtained as a result of his allegedly unlawful detention.  Rather, the trial court submitted a jury instruction under Article 38.23(a).[7]  *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

Implicit in the jury's verdict of guilt is the finding that the traffic stop was based on reasonable suspicion.  Henry contends this finding is subject to appellate review for legal sufficiency, citing *Coleman v. State*, 45 S.W.3d 175, 178 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).  In that case, the jury was instructed that "a peace officer is not authorized to stop,

---

[6]Henry essentially contends that Reeves did not have reasonable suspicion to initiate the traffic stop and that the jury, therefore, should not have considered evidence which connected Henry to the accident scene.

[7]The trial court instructed the jury:

> [U]nder our law no evidence obtained or derived by an officer or other person as a result of an unlawful stop and detention shall be admissible in evidence against such accused.  An officer is permitted to make a temporary investigative detention of a motorist if the officers have specific articulable facts, which, taken together with rational inferences from those facts, lead them to conclude that a person detained actually is, has been, or soon will be engaged in criminal activity.  Now, bearing in mind if you find from the evidence that the peace officer lawfully detained the defendant on Hwy 287 South, then you shall consider the testimony of the officers relative to the detention of the defendant and the conclusions drawn as a result thereof.
>
> If you have a reasonable doubt that the peace officer lawfully detained the defendant on Hwy 287 South, then you shall not consider the testimony of the officers relative to the detention of the defendant and the conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever.

3

arrest, detain, or search a person or vehicle without first obtaining a warrant, unless the officer has 'probable cause . . . to believe that an offense' has been committed." *Id.* Coleman challenged the factual sufficiency of the evidence to support the implied jury finding that the stop was authorized. Houston's First Court of Appeals conducted a sufficiency review of this implied finding and determined the evidence was sufficient to support it. *Id*. at 180.

The following year, the same court overruled *Coleman*. *See Johnson v. State*, 95 S.W.3d 568 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd), *overruled sub silentio on other grounds*, *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004). *Johnson* also involved a challenge to the sufficiency of the evidence to show the lawfulness of a traffic stop. The court determined that suppression issues were not subject to legal or factual sufficiency reviews,[8] in reliance on *Malik v. State*, 953 S.W.2d 234, 239–40 (Tex. Crim. App. 1997) (legal sufficiency of evidence measured by elements of offense as defined by hypothetically correct jury charge). We agree with the holding in *Johnson*. Suppression issues cannot be addressed in a post-verdict evidentiary sufficiency review—what Henry asks us to do here—but evidence discovered from a detention or arrest, for example, can be effectively challenged by attacking on appeal the trial court's ruling on either a motion to suppress the evidence or an objection to the admission of the evidence. *See Johnson*, 95 S.W.3d at 570–72. No such challenges are before us in this case.

---

[8]The *Jackson v. Virginia* standard is now the only standard a reviewing court is to apply when determining whether the evidence is sufficient to support each element of a criminal offense. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.); *see Jackson v. Virginia*, 443 U.S. 307 (1979).

By definition, evidentiary sufficiency issues must relate to the elements of an offense. *See Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) (sufficiency review appropriate only as to sufficiency of State's proof as to elements of offense). The distinction between evidentiary sufficiency and admissibility was directly addressed in *Hanks*: "'Sufficiency' relates to whether the elements of an offense have been logically established by all the evidence presented, both admissible and inadmissible." *Hanks*, 137 S.W.3d at 671 (citing *Caddell v. State*, 123 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)). "'Admissibility' relates to the fairness of introducing evidence and its logical relevance." *Id.* Accordingly, sufficiency issues must relate to the elements of an offense. *Id.*; *see also Malik*, 953 S.W.2d at 240.

Whether the evidence was legally obtained is not an element of the offense of failing to stop and render aid. *See* TEX. TRANSP. CODE ANN. § 550.021. Accordingly, we overrule this point of error.

*(2)*    *The Evidence Is Legally Sufficient to Sustain Henry's Conviction*

Henry also argues the evidence was legally insufficient to sustain his conviction for failure to stop and render aid. More precisely, Henry contends the evidence was insufficient to show he knew the accident resulted in personal injury.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App.

5

2010) (4-1-4 decision) (citing *Jackson*, 443 U.S. at 319); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik*, 953 S.W.2d at 240. The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Section 550.021 of the Texas Transportation Code defines the offense of failing to stop and render aid, and provides that the operator of a vehicle involved in an accident resulting in injury or death commits an offense if "the person does not stop or does not comply with the requirements of this section." TEX. TRANSP. CODE ANN. § 550.021(c).[9] When an accident results in personal

---

[9]Section 550.021(a) sets out the following requirements:

> (a)     The operator of a vehicle involved in an accident resulting in injury to or death of a person shall:

6

injury or death or damage to a vehicle, the operator is required to provide reasonable assistance to any person injured in the accident if it is apparent that treatment is necessary. TEX. TRANSP. CODE ANN. § 550.023 (West 2011).[10] The elements of the offense of failure to stop and render aid are: (1) an operator of a motor vehicle (2) intentionally and knowingly, (3) involved in an accident (4) resulting in injury or death of any person, (5) fails to stop and render reasonable assistance.

---

(1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

TEX. TRANSP. CODE ANN. § 550.021(a).

[10]Section 550.023 provides:

The operator of a vehicle involved in an accident resulting in the injury or death of a person or damage to a vehicle that is driven or attended by a person shall:

(1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;

(2) if requested and available, show the operator's driver's license to a person described by Subdivision (1); and

(3) provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

TEX. TRANSP. CODE ANN. § 550.023.

*McCown v. State*, 192 S.W.3d 158, 162 (Tex. App.—Fort Worth 2006, pet. ref'd); *Goar v. State*, 68 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

The culpable mental state for this offense is that the accused had knowledge of the circumstances surrounding the accused's conduct, meaning the defendant had knowledge that an accident had occurred. *See Goss v. State*, 582 S.W.2d 782, 785 (Tex. Crim. App. 1979) (establishing culpable mental state for the offense); *Goar*, 68 S.W.3d at 272. Intent or knowledge may be inferred from the acts, words, and conduct of an accused at the time of an offense. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). Moreover, "[t]here is no requirement that an accused must have positive, subjective knowledge of the nature or extent of injury resulting from the collision." *McCown*, 192 S.W.3d at 162. Rather, the knowledge requirement is satisfied if "an objective examination of the facts shows that it would be apparent to a reasonable person that someone has been injured in an accident and is in need of reasonable assistance." *Id.* at 163.

Henry does not dispute the fact that he collided with Wooten's car and that he failed to stop. Rather, Henry challenges the legal sufficiency of the evidence to prove that it was apparent that treatment was necessary. *See* TEX. TRANSP. CODE ANN. § 550.023(3). Henry claims that, because Wooten's car was struck from the rear while traveling at a speed of approximately forty miles per hour and because it did not roll or strike any other object before coming to rest, the evidence failed to show that he should have known Wooten was in need of medical attention.

8

Here, the record indicates the force of the impact caused Wooten's car to spin out of control into the median. When describing the damage to her vehicle, Wooten stated, "The back of my car was in the front of my car. Especially on the right side." Newman described the damage to Wooten's car as severe, rendering the car inoperable. The incident report described the accident as "a major accident." The crash caused the air bag in Henry's vehicle to deploy, and photographs depict significant damage to the front driver's side of the vehicle. Among the debris at the accident scene was the front license plate of Henry's vehicle. It was apparent to Newman that Wooten was in need of medical treatment at the accident scene, and she was taken by ambulance to the hospital, and was treated for her injuries.

Viewing the evidence in the light most favorable to the verdict, we conclude that sufficient evidence was presented from which a rational jury could have found beyond a reasonable doubt that Wooten was injured in the accident. We overrule this point of error.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:      September 2, 2011
Date Decided:        September 6, 2011

Do Not Publish

9