

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00504-CR

SHEILA MARIE CARNLEY                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

## OPINION

----------

### I. Introduction

Appellant Sheila Marie Carnley appeals her conviction for the felony offense of tampering with physical evidence. *See* Tex. Penal Code Ann. § 37.09 (West Supp. 2011). Following a bench trial, the trial court found Appellant guilty and sentenced her to fifteen years' confinement.[1] In two issues, Appellant

---

[1]Appellant pleaded true to the repeat offender allegation in the indictment.

contends that the trial court erred by denying her motion for directed verdict and that the evidence is insufficient to support her conviction. We affirm.

## II. Trial Testimony

Officer William Allred testified that he was working for the Graham Police Department on the night of February 24, 2009, and that he was operating a radar unit and determined that a 2003 Pontiac vehicle was being driven fifty-one miles per hour on a street with a thirty-mile-per-hour speed limit. Officer Allred testified that Michael Bunting was driving the Pontiac at the time and that Appellant and an unidentified juvenile were passengers in the vehicle.

Officer Allred attempted to initiate a traffic stop, but Bunting did not stop the vehicle. In fact, Bunting drove the Pontiac through town at high speed, running two different stop signs and making several turns. Bunting eventually exited the Pontiac and fled on foot. When he exited, Bunting left the Pontiac in gear, and it rolled forward and ran into a mailbox or curb. Officer Allred testified that the Pontiac was evidence of a crime and that the area where Bunting left the Pontiac was a crime scene.

Officer Allred testified that he initially left his patrol car and pursued Bunting on foot but that he soon returned to his patrol car and drove it closer to the place where Bunting had run.[2] Backup officers arrived shortly thereafter, and

---

[2]Bunting was later arrested for evading arrest or detention with a vehicle.

Officer Allred asked Young County Sheriff's Deputy Shane Shockley to return to the Pontiac and secure the crime scene.

Deputy Shockley testified that he saw the Pontiac being driven away before he arrived at the place where Bunting had abandoned it. Deputy Shockley pursued the Pontiac, confirmed that the license plate matched that given to him by Officer Allred, and conducted a traffic stop of the Pontiac. Deputy Shockley identified Appellant in open court as the person driving the Pontiac when he stopped it.

Deputy Shockley testified that he detained Appellant and the juvenile until Officer Allred arrived and continued his investigation. While they waited, Appellant told Deputy Shockley that "a guy named Adrian" had been driving the Pontiac and that she did not know anything about the man. Deputy Shockley also testified that he helped search the Pontiac, that there were no drugs in it, that he did not recall Appellant having any drugs on her person, but that Bunting's wallet was inside Appellant's purse.

Officer Allred testified that he arrested Appellant for tampering with physical evidence because she impaired the availability of the Pontiac vehicle by driving it away from the crime scene. Officer Allred also testified that, based on his training, experience, and investigation of this case, he believed Appellant knew there was an investigation in progress and intentionally drove the Pontiac away from the crime scene with the intent of impairing its availability as evidence.

3

He further testified that he would not have charged Appellant with tampering had she only moved the Pontiac a short distance for safety reasons.

On cross-examination, Officer Allred agreed that he did not at any time tell Appellant not to move the Pontiac.[3] He also agreed that Deputy Shockley stopped Appellant less than a mile from where Bunting initially exited the Pontiac, that to his knowledge the Pontiac and its contents had not changed, and that the "thrust of the charge" against Appellant was that she had moved the car.

Appellant admitted during her testimony that she drove the Pontiac after Bunting had fled on foot, but she testified that no one told her not to move it. She testified that she moved the vehicle for safety reasons, saying that Bunting had left the Pontiac in drive, that the vehicle was moving, and that the door was open. Appellant testified that she believed she could move the car and that she intended to move the car to an area "out of the fire zone," which she described as an area where there were no other cars on the street. Appellant explained, "I was very freaked out by the whole situation and there [were] police lights everywhere and I was scared . . . for my safety."

Appellant testified that she would have stopped the Pontiac even if Deputy Shockley had not conducted the traffic stop. She testified that she was not trying to escape and that she would not have moved the car had she been told not to. However, Appellant admitted knowing that Bunting had been speeding while

---

[3]The other officers who testified also confirmed that they did not instruct Appellant not to move the vehicle.

4

driving the Pontiac and that he was attempting to flee the police on foot. Appellant also admitted that she knew when Bunting exited the Pontiac that it was evidence, that the area where Bunting exited the Pontiac was a crime scene, that the officer wanted the evidence to stay at the crime scene, and that she moved the Pontiac despite that knowledge.

### III.  Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  The trier of fact is the sole judge of the weight and credibility of the evidence.  *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).  Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.  *Isassi*, 330 S.W.3d at 638; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  In determining the sufficiency of the evidence to

show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

## IV. Discussion

Appellant raises two issues, both of which relate to the sufficiency of the evidence. Her first issue alleges that the trial court erred by denying her motion for directed verdict, and her second contends that the evidence is insufficient to support her conviction. Because a challenge to the denial of a motion for directed verdict is actually a challenge to the sufficiency of the evidence, we address Appellant's two issues together.[4] *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003); *McCown v. State*, 192 S.W.3d 158, 160 (Tex. App.—Fort Worth 2006, pet. ref'd).

---

[4]We also note that a motion for directed verdict is not procedurally correct in a bench trial and that a motion for judgment of acquittal would be more appropriate. *See State v. Lewallen*, 927 S.W.2d 737, 739 n.2 (Tex. App.—Fort Worth 1996, no pet.) (citations omitted); *see also Davis v. State*, No. 05-95-01652-CR, 1997 WL 214792, at *4 n.3 (Tex. App.—Dallas May 1, 1997, pet. ref'd) (not designated for publication). However, we address Appellant's first issue on its merits because it is clear from the context of the record that the trial court understood her counsel's motion once the State rested.

## A. Applicable Law

As stated by the court of criminal appeals, the offense of tampering with physical evidence under penal code section 37.09(a)(1)[5] has three elements: "(1) knowing that an investigation or official proceeding is pending or in progress, (2) a person alters, destroys, or conceals any record, document, or thing, (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding." *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008) (citing Tex. Penal Code Ann. § 37.09(a)(1)). Explaining the two culpable mental states involved with that offense, the court of criminal appeals has also explained as follows:

> The three elements of section 37.09(a)(1) include "two different culpable mental states"—knowledge and intent. The statute requires the knowledge of an investigation and the intent to impair a thing's availability as evidence. As defined by the Texas Penal Code, "[a] person acts knowingly, or with knowledge, with

---

[5]Neither party mentions that the language used in the indictment clearly refers to penal code section 37.09(a)(1) (tampering with evidence with knowledge that an *investigation is in progress*) while the trial court's judgment refers to penal code section 37.09(d)(1) (tampering with evidence with knowledge that a *crime has been committed*). *Compare* Tex. Penal Code Ann. § 37.09(a)(1), *with id.* § 37.09(d)(1). Both offenses, as applicable here, are third degree felonies, *see id.* § 37.09(c), and the other material elements of each crime are the same. *See id.* § 37.09(a)(1), (d)(1). Because the language in the charging paragraph of the indictment clearly refers to an offense under section 37.09(a)(1), we analyze the sufficiency of the evidence under that section rather than under section 37.09(d)(1). We also reform the trial court's judgment to reflect that the applicable statute is penal code section 37.09(a)(1). *See Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *see also Blavier v. State*, No. 06-11-00147, 2011 WL 6288046, at *2 (Tex. App.—Texarkana Dec. 15, 2011, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect plea of not true instead of plea of true).

respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist." In contrast, "[a] person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result."

*Id.* at 142–43 (quoting *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007), and Tex. Penal Code Ann. § 6.03(a), (b) (West 2011)).

## B. Analysis

The indictment alleged that Appellant, knowing that an investigation was in progress concerning another person's evading arrest or detention with a vehicle, "intentionally or knowingly alter[ed] the vehicle involved, to wit: by moving the vehicle the other person had been driving, with intent to impair the said vehicle's availability as evidence in the investigation."[6]

Appellant first argues that there is no evidence that she intentionally and knowingly altered the physical evidence in the case because she believed "it was safer to move the car from the position [where] Bunting left it" and because "no law enforcement officer told her not to move the car." While there is testimony that Appellant intended to move the Pontiac to a safer location and that no one told her not to move it, there is also testimony from Appellant herself that she knew when Bunting exited the Pontiac that it was evidence, that the area where Bunting exited the Pontiac was a crime scene, that the officer wanted the

---

[6]The parties each assume that Appellant altered the Pontiac by moving it. Because it is not an issue in this appeal, we express no opinion as to whether Appellant's movement of the Pontiac constituted an alteration as required by penal code section 37.09(a)(1). *See* Tex. R. App. P. 47.1, 47.4.

8

evidence to stay at the crime scene, and that she moved the Pontiac anyway. In addition, there is evidence that Appellant did not voluntarily stop the Pontiac, that Deputy Shockley had to make a traffic stop, and that Appellant lied to Deputy Shockley about Bunting's identity. Moreover, the video recording from Officer Allred's patrol car at least partially contradicts Appellant's testimony that she needed to move the Pontiac for safety reasons because only one car drove past the Pontiac before Appellant moved it. Thus, there is sufficient evidence that Appellant intentionally and knowingly altered the Pontiac by moving it, and we overrule this portion of Appellant's first issue.

Appellant also contends that the evidence is insufficient to support her conviction because her "movement of the car did not impair the car's 'verity, legibility, or availability' in such a manner that anything of evidentiary value was diminished in any subsequent investigation." In doing so, Appellant cites *Hollingsworth v. State*, 15 S.W.3d 586, 594–95 (Tex. App.—Austin 2000, no pet.); *Pannell v. State*, 7 S.W.3d 222, 223–24 (Tex. App.—Dallas 1999, pet. ref'd); and *Spector v. State*, 746 S.W.2d 945, 945–46 (Tex. App.—Austin 1988, pet. ref'd). However, each case is distinguishable. In *Hollingsworth*, the defendant was charged only with concealing physical evidence, and the court held that the defendant did not conceal evidence by carrying it in his mouth because crack cocaine is commonly carried in a person's mouth and because there was no evidence that the defendant put it in his mouth to hide it from the police. *See* 15 S.W.3d at 594–95. In *Spector*, the defendant was charged only

9

with destroying physical evidence, and the court held that tearing the marijuana cigarette into two pieces did not destroy it. *See* 746 S.W.2d at 945–46. And *Pannell* is inapplicable because it addressed the defendant's knowledge that the thing altered, destroyed, or concealed was evidence "in the investigation as it existed at the time of the alteration, destruction, or concealment." 7 S.W.3d at 223. This case involves the alteration of physical evidence, not destruction or concealment, and there is no dispute concerning Appellant's knowledge that the Pontiac was evidence involved in the ongoing investigation into Bunting's evading arrest or detention with a vehicle. Thus, Appellant's cases do not apply.

Appellant also argues that the Pontiac itself had no "intrinsic evidentiary value" because Officer Allred's testimony would be sufficient to convict Bunting, meaning Appellant could not have impaired the Pontiac's verity, legibility, or availability as evidence since the State did not need the Pontiac itself to convict Bunting of evading arrest or detention with a vehicle. But Appellant's argument attempts to add an additional element to her crime. As alleged in the indictment, the State had to prove that Appellant intentionally or knowingly moved the Pontiac with the intent to impair its availability as evidence in the investigation of Bunting's evading arrest or detention with a vehicle. The question is thus whether Appellant intended to impair the Pontiac's availability as evidence by moving it, not whether she actually impaired its availability as evidence. *See Williams*, 270 S.W.3d at 142 (listing elements of crime under penal code section 37.09(a)(1)); *Stewart*, 240 S.W.3d at 874 (stating that a "person acts

10

intentionally, or with intent, [when] it is his *conscious objective or desire* to . . . cause the result") (quoting Tex. Penal Code Ann. § 6.03(a)); *see also Lewis v. State*, 56 S.W.3d 617, 625 (Tex. App.—Texarkana 2001, no pet.) (stating that evidence need not be made useless to investigation and that it is sufficient that defendant intended to impair its usefulness).

In that regard, there is evidence that Appellant knew the Pontiac was evidence, that she moved it anyway, that she did not stop driving it until Deputy Shockley conducted a traffic stop, and that she lied to Deputy Shockley about Bunting's identity (suggesting that she was trying to help Bunting evade arrest). In addition, the video recording from Officer Allred's patrol car contradicts Appellant's testimony about her concern for her safety. Moreover, Officer Allred testified without objection that Appellant intentionally drove the Pontiac away from the crime scene with the intent of impairing its availability as evidence. Thus, there is sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Appellant, by intentionally or knowingly moving the Pontiac, intended to impair its availability as evidence in the investigation into Bunting's evading arrest or detention with a vehicle. *See Williams*, 270 S.W.3d at 142; *Stewart*, 240 S.W.3d at 874; *see also Matson*, 819 S.W.2d at 846 (addressing standard of review on issues of intent).

Applying the appropriate standard of review, we hold that the evidence is sufficient to support Appellant's conviction as charged in the indictment. *See*

*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *see also Williams*, 270 S.W.3d at 142. We therefore overrule Appellant's two issues.

## V. Conclusion

Having overruled each of Appellant's two issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: April 26, 2012



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00504-CR

---

SHEILA MARIE CARNLEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

## DISSENTING OPINION

----------

I must respectfully dissent from the majority opinion because, based on the reasoning of the Texas Court of Criminal Appeals in *Stewart v. State*,[1] the evidence is insufficient to support Appellant's conviction.

The underlying offense was evading arrest or detention in an automobile. Appellant did not hide the automobile or change it in any way. The police were able to thoroughly search the automobile to see if any additional offenses were

---

[1]240 S.W.3d 872, 873–74 (Tex. Crim. App. 2007).

being committed. The automobile was not offered into evidence during any official proceeding.

As the Texas Court of Criminal Appeals explained in *Stewart*, a marihuana possession case in which the defendant police officer gave a bud of marihuana to the suspect, thinking she would become a valuable informant,

> A person commits the offense of tampering with evidence if, knowing that an investigation or official proceeding is pending or in progress, he . . . alters, destroys, or conceals any record, document or thing with *intent* to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. "Intent" and "knowledge" are two different culpable mental states. The tampering with evidence statute requires intent as to a particular result, namely, impairing a thing's availability as evidence. A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his *conscious objective or desire* to . . . cause the result. By contrast: A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

> It is not enough that appellant *knew* that his action would impair the availability of the marihuana as evidence. He must have *intended* to impair its availability. That is, impairing the marihuana's availability as evidence must have been appellant's conscious objective or desire. The court of appeals erred in analyzing the sufficiency of the evidence for the culpable mental state of knowledge when the statute proscribes the higher culpable mental state of intent.

> Moreover, the evidence appears to be legally insufficient to show that appellant had the conscious objective or desire to impair the availability of the marihuana as evidence. The missing marihuana bud would not have changed the category of the offense, and the remaining marihuana was certainly enough to convict Lavender, if the State was interested in pursuing a prosecution. Indeed, appellant's conduct appears to have been motivated by the belief that Lavender would escape prosecution by becoming an informant, and as a result, the entire quantity of marihuana would be destroyed anyway. That does not mean appellant did nothing

2

wrong. At the very least, he appears to have committed the Class B misdemeanor offense of delivery of marihuana. But that was not the offense he was charged with.[2]

Similarly, in the case now before this court, moving the car would not have changed anything about the evading-in-an-automobile offense. No one told Appellant not to move the automobile. No one testified that Appellant did anything that would have affected the State's ability to prosecute the underlying offense. There is no evidence of any attempt to hide the automobile or to change it in any way. There was no testimony of any need to search the automobile in order to prove the offense of evading arrest or detention in an automobile. Automobiles are not brought to court and offered into evidence in evading-in-an-automobile trials.

Nothing Appellant did could have affected the State's ability to prosecute the case. Nor is there any evidence that she intended to affect the State's ability to prosecute the case or that she had any knowledge that moving the car could affect the State's ability to prosecute the case.

I therefore must respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: April 26, 2012

---

[2]*Id.* (internal citations and quotation marks omitted).