

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| KENTHY LEE FLETCHER, | § | No. 08-13-00043-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 1 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1221731) |
| | § | |

## OPINION

Appellant Kenthy Lee Fletcher appeals his conviction for the offense of driving while intoxicated (DWI)-misdemeanor repetition.   In a single issue on appeal, he contends there was insufficient evidence to support the jury's verdict.   We affirm.

## BACKGROUND

On November 27, 2010, around 1:30 a.m., Cassie Korywchack observed a white truck swerving into multiple lanes while driving on Highway 183 headed to Hurst.   When the truck slowed down to 45 mph forcing Korywchack to back off substantially, Korywchack asked her partner, a passenger in Korywchack's car, to call 911.   The dispatcher advised Korywchack to turn on her "flashers" and to keep her distance.   As Korywchack followed the vehicle, the truck

came close to striking the left guardrail as well as another car in the right lane. Corporal Ben Andrews of the Hurst Police Department responded to the 911 call and was able to identify the 911 caller's vehicle because the vehicle's hazard lights were activated. Corporal Andrews observed the suspect vehicle drive in the middle of two lanes. As Corporal Andrews followed the truck, he observed the truck fail to signal a lane change and weave within the lane. Corporal Andrews proceeded to pull over and stop the truck.

Corporal Andrews asked the driver for his driver's license and noted that the driver, who was identified in court as Appellant, fumbled through his wallet and appeared to have problems with his dexterity and fine motor skills. Corporal Andrews noted Appellant reacted sluggishly to his questions. Corporal Andrews also described Appellant as having speech that was "thick-tongued" and glassy eyes. He did not smell an odor of alcohol on Appellant's breath or person. Appellant denied having any physical problems or that he had been drinking. Corporal Andrews asked Appellant to step out of the vehicle. He then asked Officer Eckstrom, who was acting as an assist officer, to administer field sobriety tests on Appellant.

Officer Eckstrom testified that when she talked to the driver[1] of the white truck, she detected signs of intoxication. Specifically, she observed Appellant had red, glassy eyes, slurred speech, and that he swayed when he walked and stood in place. Officer Eckstrom also noted a slight odor of alcohol on Appellant's person. Appellant exhibited five out of six clues on the horizontal gaze nystagmus (HGN) test. Officer Eckstrom was unable to administer the walk-and-turn and the one-leg stand tests because Appellant did not appear to understand the instructions and was not cooperating with the officers. Appellant was arrested for DWI and transported to the Hurst jail where he refused to provide a breath sample.

---

[1] At trial, Officer Eckstrom identified Appellant as the driver of the white truck.

2

Appellant was charged with "DWI-[misdemeanor] repetition." The charging instrument also contained an enhancement paragraph describing an additional final conviction for DWI. Appellant pleaded not guilty to the charged offense. The jury found Appellant guilty as charged. At punishment, Appellant entered a plea of "true" to the enhancement paragraph and the trial court assessed punishment at 365 days' confinement in the Tarrant County Jail and imposed an $800 fine. This appeal followed.

## DISCUSSION

## LEGAL SUFFICIENCY

### *Standard of Review and Applicable Law*

When reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010); *Carnley v. State*, 366 S.W.3d 830, 833 (Tex.App. – Fort Worth 2012, pet. ref'd). In conducting our legal sufficiency analysis, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007) (citations omitted). Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Id.*

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), *cert. denied*, 556 U.S. 1211, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009).

3

The jury may choose to believe some, all, or none of the testimony or any other evidence presented.  *See McFarland v. State*, 928 S.W.2d 482, 496 (Tex.Crim.App. 1996).  Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007).  When the record on appeal supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination.  *Clayton*, 235 S.W.3d at 778; *see also Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991).

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *See Isassi*, 330 S.W.3d at 638; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

The State is required to prove beyond a reasonable doubt every element of the charged offense.  *See Carrizales v. State*, 414 S.W.3d 737, 744 (Tex.Crim.App. 2013).  We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically-correct jury charge.  *See Gollihar v. State*, 46 S.W.3d 243, 252-53 (Tex.Crim.App. 2001); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).  Under the hypothetically-correct jury charge, Appellant committed the offense of DWI if:  (1) Appellant, (2) operated, (3) a motor vehicle, (4) in a public place, (5) while intoxicated.  TEX. PENAL CODE ANN. § 49.04(a) (West 2011).  "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, . . . or any other substance into the body[.]"  TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011).

*Application*

4

Here, Appellant contends the evidence was insufficient to prove the first and fifth elements of the offense of DWI.

## Identity of Driver

First, Appellant argues the evidence is insufficient to sustain the verdict because Korywchack "could not and did not identify the Appellant as the driver of the suspect vehicle." The State concedes Korywchack testified that she did not know whether Appellant was driving the suspect vehicle. However, the State contends the evidence shows that the truck Korywchack followed was the same vehicle Corporal Andrews stopped and that Appellant was the driver of the vehicle.

Korywchack, a concerned driver, called 911 after she observed a white truck driving erratically. The dispatcher instructed Korywchack to turn on her hazard lights and keep her distance from the truck. Corporal Andrews, who responded to the 911 call, testified he was able to identify the caller because the vehicle's hazard lights were turned on. He also testified the dispatcher had provided him with information as to what kind of car the caller was driving. Corporal Andrews testified that after he saw the 911 caller's vehicle, he saw the suspect vehicle. The dispatcher had also provided Corporal Andrews with a description of the suspect vehicle and a partial description of its license plate number. At trial, Corporal Andrews identified Appellant as the driver of the truck in question.

Appellant maintains Appellant could not be the driver of the suspect vehicle because Korywchack testified that the vehicle she followed had exited the highway, and the evidence showed Appellant's vehicle was stopped on the highway. However, as correctly pointed out by the State, Appellant's assertion is a mischaracterization of the testimony. The record reflects

5

Korywchack testified that after the Hurst police responded to her 911 call, she decided not to stop. She explained that she had already exited the freeway as the dispatcher had indicated it would be smart for Korywchack to pull behind and that it was okay for her to go home. Korywchack further testified that she decided to "swing back around" after the dispatcher had told her to stop and that is when she saw that the Hurst police had the driver outside of the vehicle she had followed.

Therefore, Appellant's contention is without merit because Korywchack's testimony was not that the suspect vehicle had exited the highway, but rather that Korywchack exited the highway. Moreover, Corporal Andrews testified he pulled the truck over on the main freeway near the Highway 26 underpass. Similarly, Officer Eckstrom testified that the vehicle was stopped on the highway "on the outside shoulder under an overpass." The record clearly reflects Appellant's vehicle did not exit the highway and that the vehicle was stopped on the highway.

Appellant further claims he was not the driver of the suspect vehicle since Korywchack testified that a female officer stopped the truck and the evidence showed "that a male officer, Corporal Andrews, was the first and only officer to stop the Appellant." Appellant urges that "the vehicle which started this investigation is not the Appellant's vehicle." While the record indicates Korywchack testified she actually saw an officer conduct a traffic stop of the vehicle she had followed, she subsequently clarified that she exited the freeway before the vehicle was stopped and that it was when she decided to swing back around that she saw that the police had the driver outside of the vehicle. Korywchack further testified the vehicle the police stopped was the same vehicle she had followed. The record also reflects that Officer Eckstrom, a female, arrived on the scene just seconds or minutes after Corporal Andrews had arrived. Officer Eckstrom testified that

6

Corporal Andrews located the suspect vehicle before her and pulled it over. Officer Eckstrom ended up taking over the investigation to administer field sobriety tests on Appellant. Appellant's argument involves the credibility of witnesses—a matter left strictly to the fact finder. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex.Crim.App. 2010). Furthermore, it was within the fact finder's power to resolve any conflicts in the evidence, and we presume the fact finder did so in favor of the verdict. *See Merritt v. State*, 368 S.W.3d 516, 525 (Tex.Crim.App. 2012). Therefore, we conclude the evidence was sufficient to prove Appellant was the driver of the white truck.

**Evidence of Intoxication**

Next, Appellant argues the evidence is insufficient to establish he was intoxicated. Specifically, he maintains there was "an absence of any evidence of alcohol consumption" by Appellant. In support of his argument, he points to Corporal Andrews' testimony that he did not notice an odor of alcohol on Appellant's breath or person and that he did not find any alcohol in Appellant's truck. While proving a specific intoxicant is not an element of the offense of DWI, it is an evidentiary matter which may be established by circumstantial evidence. *Gray v. State*, 152 S.W.3d 125, 132 (Tex.Crim.App. 2004). The Court of Criminal Appeals has stated that "evidence that would logically raise an inference that the defendant was intoxicated . . . includes, *inter alia*, erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, any admissions by the defendant concerning what, when, and how much he had been drinking-in short, any and all of the usual indicia of intoxication." *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex.Crim.App. 2010); *see Cotton v. State*, 686 S.W.2d 140, 142-43 n.3 (Tex.Crim.App. 1985) (noting that characteristics of intoxication may include slurred speech, bloodshot or glassy eyes, unsteady balance, staggered

7

gait, and odor of alcohol on the person or the person's breath). In general, an officer's testimony that a person is intoxicated provides sufficient evidence to establish the intoxication element for the offense of DWI. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex.Crim.App. 1979); *see also Zill v. State*, 355 S.W.3d 778, 785-86 (Tex.App. – Houston [1st Dist.] 2011, no pet.). A defendant's poor performance on standardized field sobriety tests is also evidence of intoxication. *Zill*, 355 S.W.3d at 786. The jury may consider the defendant's refusal to provide a breath sample as evidence of DWI. *See* TEX. TRANSP. CODE ANN. § 724.061 (West 2011); *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex.Crim.App. 2008).

The record reflects Korywchack observed the white truck driven by Appellant swerve into multiple lanes while driving on Highway 183, slow down to 45 mph on the highway, almost strike the left guardrail, and almost strike another car in the right lane. Corporal Andrews testified he saw the white truck driving in two lanes, fail to signal a lane change, and weave within lanes. After Corporal Andrews stopped the truck and asked Appellant for his driver's license, he noted Appellant fumbled through his wallet and appeared to have problems with his dexterity and fine motor skills. Corporal Andrews observed Appellant had speech that was "thick-tongued" and glassy eyes. Corporal Andrews testified he believed Appellant was intoxicated and did not have the normal use of his mental or physical faculties due to the consumption of alcohol.

Officer Eckstrom testified that when she spoke with Appellant she observed signs of intoxication which included red, glassy eyes, slurred speech, unsteady balance, and a slight odor of alcohol on his person. Officer Eckstrom testified Appellant exhibited five out of six clues of intoxication on the HGN test.[2] Officer Eckstrom was unable to administer the walk-and-turn and the one-leg stand tests because Appellant did not appear to understand the instructions and

---

[2] Officer Eckstrom explained that four clues were an indication of intoxication.

was uncooperative. Appellant refused to provide a breath sample at the station. Officer Eckstrom testified that based on the 911 call, the driving behavior Corporal Andrews observed, her own observations of Appellant which included the odor of alcohol, the HGN test, and Appellant's inability to follow other instructions and complete the field sobriety tests, she concluded Appellant was intoxicated.

Although Appellant maintains the evidence is also insufficient to prove the element of intoxication because Appellant denied drinking and his "inability to perform field sobriety tests [was due to] his physical impairments from past accidents and surgeries as well as his very high blood pressure causing his dizziness . . . ," as the trier of fact, the jury was free to believe or disbelieve any part or all of a witness's testimony and reconcile inconsistencies as they saw fit. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000); *see also Scugoza v. State*, 949 S.W.2d 360, 362 (Tex.App. – San Antonio 1997, no pet.) (the jury was entitled to believe the State's witnesses' version of the events to the exclusion of the defense witnesses' version). We must defer to the jury's credibility determination. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982) (holding that conflicts in evidence are reconciled by the jury and will not result in reversal as long as there is enough credible testimony to support the verdict). Accordingly, we conclude the evidence was sufficient to establish the element of intoxication. *See Harkins v. State*, 268 S.W.3d 740, 748-49 (Tex.App. – Fort Worth 2008, pet. ref'd) (holding sufficient evidence of intoxication where officer testified appellant had heavy eyes, constricted pupils, disorientation, and slurred speech).

After reviewing the entire record under the hypothetically correct jury charge, we conclude that the evidence was legally sufficient to support Appellant's conviction. The

evidence shows Appellant was operating a motor vehicle when he did not have the normal use of his mental or physical faculties as a result of alcohol intoxication. Viewing the evidence in the light most favorable to the verdict, we find that a rational fact finder could have found the essential elements of DWI beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89; *Byrd v. State*, 336 S.W.3d 242, 246 (Tex.Crim.App. 2011). Issue One is overruled.

### Modification of Judgment

Although Appellant pleaded true to the enhancement paragraph of the indictment, the judgment recites that Appellant pleaded "not guilty to the enhancement paragraphs, if any[.]" We have the authority to modify a judgment to make the record speak the truth when the matter has been called to its attention by any source. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992); *see also Aguirre v. State,* 732 S.W.2d 320, 327 (Tex.Crim.App. [Panel Op.] 1982) (where judgment and sentence improperly reflect the jury's findings, proper remedy is the reformation of the judgment.). Further, we may act *sua sponte* to modify an incorrect judgment and may have a duty to so. *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex.App. – Dallas 1991, pet. ref'd) (court has the power to correct and modify judgment of trial court to make the record speak the truth when it has necessary data and information, or make any appropriate order as law and nature of case may require); *see French*, 830 S.W.2d at 609.

Although the record does not contain an express finding by the trial court, the record establishes that the trial court impliedly made a finding of true as to the prior offense alleged in the enhancement paragraph. *See Almand v. State,* 536 S.W.2d 377, 379 (Tex.Crim.App. 1976).

Because Appellant pleaded true to the enhancement paragraph and because we determine that the trial court impliedly found the enhancement paragraphs true, we conclude we have the necessary evidence to correct the judgment. The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. Tex. R. App. P. 43.2(b). Accordingly, we modify the judgment to reflect Appellant's plea of true to the enhancement paragraph in the indictment.

**CONCLUSION**

The trial court's judgment is modified to reflect Appellant's plea of true to the enhancement paragraph alleged in the indictment and, as modified, is affirmed.


YVONNE T. RODRIGUEZ, Justice

September 30, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)