

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00216-CR

ANDREWNIK THOMAS                                     APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
## TRIAL COURT NO. CR-2014-08535-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Andrewnik Thomas appeals her conviction for theft of property valued between $50 and $500,[2] raising two points. First, she contends that the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 31.03(a) (West Supp. 2015). At the time of appellant's offense, theft of property valued between $50 and $500 was a Class B misdemeanor. *See* Act of May 29, 2011, 82nd Leg., R.S., ch. 1234, § 21, 2011 Tex. Sess. Law Serv. 3301, 3309 (West) (current version at Tex. Penal Code Ann. § 31.03(e)(2)(A)). Currently, theft of property valued under $100 is a Class

trial court erred by denying her motion for a directed verdict because the State did not present sufficient evidence establishing her unlawful appropriation of property and the value of the property. Second, she argues that the trial court erred by including an instruction in the jury charge on the law of parties because there was no evidence to support a verdict convicting her as a party to theft. We reject both arguments and affirm the conviction.

## Background Facts

In September 2014, Walmart asset protection associate Josh Hooper saw two women, now identified as appellant and Jacoya Davis, engage in what he deemed to be suspicious behavior. Hooper testified, and State's Exhibit 2 (a surveillance recording) corroborates, that appellant and Davis had already placed several commonly stolen cosmetic items in the bottom and top of a cart, with those items atop the cart placed beside the only purse in the cart. After Hooper watched appellant and Davis select more cosmetic items, he saw them walk toward a women's accessories department, where appellant grabbed a purse from a shelf and put it in the cart. Hooper, who was approximately twenty to thirty feet from appellant and Davis, saw appellant put the items from the bottom of the cart in that newly taken purse. Davis similarly placed the items at the top of the cart in the purse located there.

C misdemeanor, and theft of property valued between $100 and $750 is a Class B misdemeanor. Tex. Penal Code Ann. § 31.03(e)(1), (2)(A).

2

Hooper watched appellant and Davis move toward the front of the store and walk past the last points of sale with the unpaid-for merchandise in the two purses that were draped on their shoulders. Appellant carried the unpaid-for Walmart purse on her shoulder, and Davis carried the other purse on her shoulder. Both women were apprehended and taken to the store's loss prevention office, where Hooper got the unpaid-for merchandise and purse that appellant had been carrying and had a customer service manager produce a training receipt showing the value of items taken. That receipt, later verified by Dallas Police Department Officer James Keteltas as an accurate depiction of items, showed the total value to be $104.34. The items taken by appellant include the purse, a bathing suit, some health and beauty accessories, and cosmetics.

The State charged appellant with theft. She pled not guilty, but a jury convicted her.[3] The trial court assessed her punishment at 100 days' confinement but suspended the imposition of the sentence and placed her on community supervision for eighteen months. She brought this appeal.

### The Trial Court's Denial of a Directed Verdict

In her first point, appellant contends that the trial court erred by denying her motion for a directed verdict. She argues that the evidence is insufficient to prove that she was the person who possessed and appropriated the unpaid-for

---

[3]Appellant's first trial ended in a mistrial after a jury became deadlocked on the issue of her guilt.

purse and the unpaid-for retail merchandise within it and to prove that the value of the items appropriated was over $50 but less than $500.

The challenge to the denial of a motion for directed verdict is actually a challenge to the sufficiency of the evidence to support a conviction. *Carnley v. State*, 366 S.W.3d 830, 833 (Tex. App.—Fort Worth 2012, pet. ref'd). In our due-process review of the sufficiency of evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).[4] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.*; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See*

---

[4]In her brief, appellant discusses standards related to the now-defunct factual sufficiency review of elements that the State is required to prove beyond a reasonable doubt; we must review the sufficiency of the evidence to prove those elements only under the *Jackson* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Lozano v. State*, 359 S.W.3d 790, 809 (Tex. App.—Fort Worth 2012, pet. ref'd).

*Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448. The jury is generally free to accept or reject any or all of the evidence of either party, and we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448–49; *Hernandez v. State*, 161 S.W.3d 491, 500 & n.28 (Tex. Crim. App. 2005).

A person commits theft by unlawfully appropriating property with intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03(a). Appropriation occurs when a person acquires or otherwise exercises control over property, and the appropriation is unlawful if it is without the owner's effective consent. Tex. Penal Code Ann. § 31.01(4)(b) (West Supp. 2015), § 31.03(b)(1).

**Sufficiency of evidence establishing unlawful appropriation**

Appellant argues that the evidence is insufficient to establish her unlawful appropriation of property because Hooper contradicted himself as to who had Walmart's purse containing stolen items when appellant and Davis passed the last points of sale. Appellant argues that Hooper "testified that [appellant] had the purse but later testified that . . . Davis had the purse."

On direct examination, Hooper testified unambiguously that appellant carried the unpaid-for purse containing the other stolen items. On redirect examination, a prosecutor asked Hooper, "[A]t some point, [you] went into what

we're going to call Jacoya's . . . purse, which is Walmart's purse, and pulled the items out, correct?" Hooper stated, "Yes." Hooper then confirmed that the jury saw a receipt of those items before asking for clarification as to whose purse was at issue: "In Jacoya's purse?"

The necessary inference that appellant appropriated the unpaid-for purse and its unpaid-for contents, including cosmetics, apparel, and health and beauty items, is reasonable based on the cumulative evidence when viewed in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Appellant's claim that Hooper presented conflicting testimony, to the extent it was conflicting, is presumed to have been resolved by the jury in favor of the conviction. *See Murray*, 457 S.W.3d at 448–49. We refrain from supplanting the judgment of the factfinder by reevaluating the weight and credibility of the evidence. *See id.*

The record, when read in its entirety, supports a reasonable inference that Davis had the purse she brought into the store and that appellant unlawfully appropriated the unpaid-for purse and its contents. Hooper testified that he saw appellant take a purse from the shelf; that he saw her place apparel items,[5] health and beauty products, and other cosmetic items from the bottom of the cart

---

[5]The receipt's listing of a "DUFFLE" bag and "FG PANT," "NB ROLL CUFF," "GLOVES," "PANTY," and "NN SOCKS" could be reasonably understood to be the purse and apparel items, respectively, that Hooper testified to.

in that purse and recovered such; and that he saw appellant walk past the points of sale with the Walmart purse draped on her shoulder.

Given the weight of Hooper's cumulative testimony, a rational jury could have rejected the allegedly conflicting testimony that was made only on redirect in response to an apparent misstatement by a prosecutor. Two answers to questions that contradict the record on the whole and misidentify who possessed the unpaid-for Walmart purse and its contents could fairly be rejected and do not overcome the rational presumption that the jury resolved the conflicting inferences in favor of the verdict. We reject appellant's argument that the evidence is insufficient to establish that she unlawfully appropriated another's property.

**Sufficiency of evidence establishing value**

Appellant also contends that the evidence is insufficient to establish the stolen property's value. "Value" for the purposes of the theft statute is generally the fair market value of the property at the time and place of the offense. Tex. Penal Code Ann. § 31.08(a)(1) (West Supp. 2015). There is no exclusive method for proving fair market value. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *Gonzalez v. State*, No. 13-11-00599-CR, 2013 WL 6834798, at *5 (Tex. App.—Corpus Christi July 29, 2013, pet. ref'd) (mem. op., not designated for publication). Sale price at the store, given a reasonable time for selling the property, is evidence of fair market value. *See Keeton*, 803

7

S.W.2d at 305.  Value reflected on a price tag, too, is an acceptable method. *Gonzalez*, 2013 WL 6834798, at *5.

Appellant contends that the present case is factually analogous to *Scott v. State*.  741 S.W.2d 435 (Tex. Crim. App. 1987).  The court in *Scott* held that evidence of value was insufficient to support a conviction when the only testimony concerning value was provided by the owner and was based on a car's trade-in value, a value formulated by differing standards than those for cash or fair market value.  *Id.* at 438–39.  Unlike the record in *Scott*, our record consists of Hooper's testimony as to the $104.34 value of the unpaid-for retail merchandise found in appellant's possession and an original receipt indicating the $104.34 totaled price of such items at the time and place of the theft.  Although appellant argues the "training receipt" is insufficient evidence of value, Hooper testified that original receipts such as the one admitted into evidence are customarily produced upon retrieving unpaid-for Walmart merchandise, and this receipt in particular was subsequently verified as an accurate depiction of the merchandise.  *Cf. Himelright v. State*, No. 06-13-00246-CR, 2014 WL 4558919, at *5 (Tex. App.—Texarkana Sept. 16, 2014, no pet.) (mem. op., not designated for publication) (relying on a Walmart receipt as evidence of value).

Given the sufficiency of evidence to convict appellant as a principal in theft, and in light of Hooper's testimony and appellant's possession of the unpaid-for items, we conclude that viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that

appellant unlawfully appropriated property valued, in total, at more than $50 but less than $500. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also* Tex. Penal Code Ann. § 31.03(a). For these reasons, we overrule appellant's first point.

## The Trial Court's Law of Parties Jury Instruction

In her second point, appellant challenges the propriety of the trial court's jury instruction on the law of the parties. The instruction stated,

> All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
>
> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute a party to an offense.

At trial, appellant objected to this instruction on the basis that there was no evidence to support its submission.

In our review of a jury charge, we first determine whether error occurred. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.* For the reasons stated below, we hold that the trial court did not err by including the instruction on the law of parties.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is

9

criminally responsible, or by both.  Tex. Penal Code Ann. § 7.01(a) (West 2011).

A person is criminally responsible for an offense committed by the conduct of

another if while "acting with intent to promote or assist the commission of the

offense, he solicits, encourages, directs, aids, or attempts to aid the other person

to commit the offense."  *Id.* § 7.02(a)(2) (West 2011).

A trial court must charge the jury fully and affirmatively on the law

applicable to every issue raised by the evidence.  *Mullins v. State*, 173 S.W.3d

167, 178 (Tex. App.—Fort Worth 2005, no pet.) (mem. op.).  A law of parties

instruction is proper if sufficient evidence supports a jury verdict that the

defendant is criminally responsible under the law of parties.  *Id.*  In making this

determination, courts may consider events that occurred before, during, and after

the commission of the crime.  *Goff v. State*, 931 S.W.2d 537, 545 (Tex. Crim.

App. 1996), *cert. denied*, 520 U.S. 1171 (1997).

Appellant contends that the law of parties instruction was erroneous

because there was insufficient evidence to show that she had acted with the

intent to solicit, encourage, direct, aid, or attempt to aid Davis in the commission

of theft.  While appellant's criminal responsibility may be best supported by

evidence under a principal actor theory, we conclude that there is sufficient

evidence to support a verdict that appellant is criminally responsible under an

alternate theory as a party to the offense and to therefore support the challenged

instruction.

Hooper's testimony establishes that appellant and Davis were together in the Walmart store and that both placed similar unpaid-for items in the same cart and eventually concealed them in the purses in that cart. Moreover, Hooper testified that the two women were together at all points in the store, including when they were apprehended past all points of sale with their purses similarly concealing unpaid-for items.

The evidence concerning the events before, during, and after the theft is sufficient to qualify as some evidence of appellant's criminal responsibility as a party to theft. *See id.* Therefore, we conclude that the trial court did not err by including the law of parties instruction.

But we also hold that even if the trial court erred by including the law of parties instruction, the error was harmless. Preserved error in a jury charge requires reversal if it was "calculated to injure the rights of [the] defendant," which means no more than that there must be some harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

Here, in considering the strong evidence of appellant's guilt as a principal to the underlying theft, the trial court's inclusion of the law of parties instruction was harmless. *See Black v. State*, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986) ("Where the evidence clearly supports a defendant's guilt as a principal actor, any error of the trial court in charging on the law of parties is harmless."); *see also Cathey v. State*, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999) (stating the

11

same), *cert. denied*, 528 U.S. 1082 (2000).  Accordingly, even if the trial court did err, the error was not a reversible one.  For all of these reasons, we overrule appellant's second point.

## Conclusion

Having overruled appellant's two points of error, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 14, 2016