

# NUMBER 13-18-00041-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARK ANTHONY LEWIS,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 66th District Court
### of Hill County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Contreras**

Appellant Mark Anthony Lewis was convicted on two counts of tampering with physical evidence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West, Westlaw through 2017 1st C.S.). The jury found that appellant was a habitual felony offender and sentenced him to concurrent 55-year prison terms. *See id.* § 12.42(d)

(West, Westlaw through 2017 1st C.S.). By one issue on appeal, appellant contends that there was no evidence adduced at trial that he "successfully concealed, destroyed or altered" a baggie, as alleged in Count II of the indictment. We affirm.[1]

## I. BACKGROUND

Count I of the indictment alleged that, on or about November 11, 2015, knowing that an investigation was pending or in progress, appellant intentionally or knowingly concealed, destroyed, or altered methamphetamine with intent to impair its availability as evidence in the investigation. *See id.* § 37.09. Count II was identical to Count I except it alleged that appellant concealed or altered "a baggie" with intent to impair its availability as evidence.

At trial, Trooper Johnny Sen of the Texas Department of Public Safety testified that, as he was patrolling Interstate 35 in Hill County on November 11, 2017, he conducted a traffic stop on a semi-truck because it had malfunctioning "trailer lights" and "clearance lamps." When Sen approached the cab of the truck, he detected the odor of marijuana coming from inside the cab. He asked appellant, the driver, to step outside the vehicle, and appellant did so. Appellant gave Sen consent to search the vehicle. Trooper Jerimiah Patrick soon arrived at the scene.

During his search of the cab of the truck, Sen found "a small baggie with some methamphetamines in it." Sen testified: "It appeared, while I was in the vehicle and coming out, the defendant had thrown something out of his pocket while Trooper Jerimiah Patrick was trying to pat him down." The officers recovered a glass pipe and "another

---

[1] This appeal was transferred to this Court from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

2

baggie" from appellant, both of which tested positive for methamphetamine.[2] Sen stated that he did not see appellant dump any methamphetamine at the time, but he did observe appellant doing so in a video recording of the traffic stop that he later reviewed.[3] According to Sen, "when [Patrick] asked him what was in his hand, that's when he dumped the meth on the ground." Sen agreed with the prosecutor that appellant was "able to successfully conceal that methamphetamine from you."

The officers did not attempt to recover the substance that was thrown on the ground. Nevertheless, Sen testified that he knew the thrown substance was methamphetamine because the baggie that contained it tested positive for the drug, and because appellant "stated it was methamphetamine."[4]

Patrick testified that, as he patted down appellant, appellant pulled the glass pipe out of his pocket, and appellant "dumped" out some of the contents of a baggie in front of him. Patrick testified that, though he did not initially see it at the scene, the video recording shows that appellant also dumped out some contents of the baggie behind him, prior to the pat-down. He stated that he did not see this at the scene "[b]ecause [appellant] was concealing it behind his back." Patrick agreed with the prosecutor that appellant had "successfully" concealed the baggie by "shielding it" with his body. Patrick explained: "[A]t first he distracted me by throwing something in the ditch. As he turned he concealed it behind his back, and I couldn't see it at that point." The video recording,

---

[2] Sen testified that appellant was convicted, in a different proceeding, of possession of less than one gram of methamphetamine, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West, Westlaw through 2017 1st C.S.).

[3] The video recording was entered into evidence and played for the jury.

[4] A forensic scientist testified that 0.09 grams of methamphetamine were recovered from the pipe; 0.02 grams of methamphetamine were recovered from one of the baggies; and a trace amount of methamphetamine was recovered from the other baggie.

3

which is part of the appellate record, corroborates Patrick's account.

On cross-examination, Patrick agreed that, even though he contemporaneously observed appellant "dump" out some of the baggie's contents, the officers did not attempt to recover those contents because the evidentiary value of what was dumped had been "destroyed." He agreed with the prosecutor that the contents of the baggie were "concealed there amongst the rocks and the dirt and such in the pavement, the asphalt, there on the interstate." He also agreed that, when appellant held the baggie behind his back, he "successfully concealed" the baggie, even though the officers later recovered it as evidence.

As to both counts, the jury was charged on the offense alleged in the indictment as well as the lesser-included offense of attempted tampering with physical evidence. The jury found appellant guilty of the indicted offenses, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State*, 491 S.W.3d 771, 774 (Tex. Crim. App. 2016); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We resolve any evidentiary inconsistencies in favor of the verdict, keeping in mind that the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks*, 323 S.W.3d at 899; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West, Westlaw through 2017 1st C.S.). We determine,

4

based upon the cumulative force of all of the evidence, whether the necessary inferences made by the jury are reasonable. *Griffin*, 491 S.W.3d at 774.

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *Malik*, 953 S.W.2d at 240. Here, the charge would instruct the jury to find appellant guilty of tampering with physical evidence as charged in Count II if: (1) knowing that an investigation was pending or in progress, (2) he altered or concealed a baggie (3) with intent to impair its availability as evidence in the investigation. *See* TEX. PENAL CODE ANN. § 37.09(a)(1).

"Alter" is not defined by statute but may be commonly understood to mean "to change; make different; modify." *Williams v. State*, 270 S.W.3d 140, 146 (Tex. Crim. App. 2008) (citing WEBSTER'S UNABRIDGED DICTIONARY at 52 (2nd ed. 1983)); *see Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (noting that "undefined statutory terms are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance"). "Conceal" is also not defined by statute, but the term may be understood as "to hide, to remove from sight or notice, or to keep from discovery or observation." *Thornton v. State*, 401 S.W.3d 395, 398 (Tex. App.—Amarillo 2013), *rev'd on other grounds*, 425 S.W.3d 289 (Tex. Crim. App. 2014); *Rotenberry v. State*, 245 S.W.3d 583, 588–89 (Tex. App.—Fort Worth 2007,

pet. ref'd).  "Whatever else 'conceal' might mean in the context of the tampering with evidence statute, it at least means to remove from sight."  *Thornton*, 425 S.W.3d at 307 (Keller, P.J., concurring).

## B.    Analysis

By his sole issue on appeal, appellant contends that there was no evidence that he "successfully" concealed or altered the baggie as alleged in Count II.[5]  He argues that, according to the trial evidence, his "sole concern" was "ridding himself of the methamphetamine" and not "tampering with the baggie in any way."

Appellant points out that Patrick asked him what was in his hand as he was being patted down; he argues that this indicates he did not "actually" conceal the baggie. Appellant further notes that, when he dumped out the contents of the baggie behind his back, he did so "in full view" of the officers' video recorder, which he claims also indicates he did not successfully conceal the baggie.  Appellant argues that "[t]he baggie stayed within view of either the troopers or within their recording device the entire time."  On the other hand, the State argues that appellant successfully concealed the baggie by holding it "in his hand behind his back while he poured out" its contents.[6]  We agree with the State.

---

[5] Appellant also argues that there was no evidence he "destroyed" the baggie, but that allegation was not made in the indictment or the jury charge.

[6] The State also argues that appellant "altered" the baggie by dumping its contents out on the ground.  It argues that evidence of a person moving a vehicle from a crime scene has been found sufficient to support a conviction for tampering by alteration, citing *Carnley v. State*, 366 S.W.3d 830, 834–35, (Tex. App.—Fort Worth 2012, pet. ref'd).  But the Fort Worth court did not reach that conclusion in *Carnley*. Rather, it noted that the parties assumed that the appellant "altered" the car by moving it, and it explicitly declined to opine on the issue.  *Id.* at 834 n.6.  In any event, because of our conclusion herein that the evidence was sufficient to support a finding of actual concealment, we need not address whether the evidence was sufficient to support a finding of alteration as well.  *See* Tex. R. App. P. 47.1; *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) ("It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.").

6

In *Thornton v. State*, the Amarillo Court of Appeals found insufficient evidence of concealment where the appellant pulled a crack pipe from his pocket and dropped it to the ground in the presence of two police officers, because the pipe never left the officers' sight. 401 S.W.3d at 399–400. In *Villarreal v. State*, this Court found insufficient evidence of concealment where the appellant took a pill bottle out of his pocket and tossed it underneath a car while being pursued by a Wal-Mart loss prevention officer. No. 13-15-00014-CR, 2016 WL 8919852, at *1–2 (Tex. App.—Corpus Christi Dec. 8, 2016, no pet.) (mem. op., not designated for publication) (noting that the loss prevention officer testified that the pill bottle "was not hidden in any way"). And in *Stahmann v. State*, we held that the evidence to support actual concealment was insufficient because, though appellant threw a pill bottle over a fence, the bottle "remained in full sight of bystanders from the time it was thrown . . . , and of police from the time they arrived, until the time it was retrieved as evidence." 548 S.W.3d 46, 56 (Tex. App.—Corpus Christi 2018, pet. granted).

This case is distinguishable from *Thornton*, *Villarreal*, and *Stahmann* because here, there was evidence that appellant actually managed to remove the baggie from the officers' sight, at least temporarily. *See Thornton*, 425 S.W.3d at 307 (Keller, P.J., concurring). In particular, Patrick testified that, as he began to pat down appellant, appellant held the baggie behind his back and dumped out some of the contents.[7] Patrick stated that appellant was "shielding" the baggie with his body. Although appellant showed Patrick the baggie shortly thereafter, and the officers testified that the baggie was visible

---

[7] The officers did not realize that appellant had dumped out some of the contents while holding the baggie behind his back until they reviewed the video recording.

on the video recording, it is not necessary to show that an item was permanently concealed in order to support a tampering charge. *See Hines v. State*, 535 S.W.3d 102, 110 (Tex. App.—Eastland 2017, pet. ref'd) (holding "the evidence was sufficient to prove concealment because it showed that Appellant scattered the methamphetamine underneath his body in the backseat of the patrol car and that the police did not notice it until after he got out at the jail").

Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable juror could have found beyond a reasonable doubt that appellant actually concealed the baggie.[8] Appellant's issue on appeal is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 27th
day of December, 2018.

---

[8] Appellant does not dispute that the evidence was sufficient to support the other elements of the offense, nor does he argue that the evidence was insufficient to support his conviction on Count I.